UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20859-CR-MORENO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERTO CRUZ,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER was referred to the undersigned to conduct an evidentiary hearing and submit a Report and Recommendation to determine if the defendant should be committed to a psychiatric hospital pursuant to 18 U.S.C. § 4243(a). See Order of Reference to Magistrate (DE# 52, 2/21/17).

## **BACKGROUND**

On November 21, 2014, a federal grand jury in the Southern District of Florida returned in indictment charging the defendant with two counts of bank robbery in violation of Title 18, United States Code, Section 2113(a). See Indictment (DE# 7, 11/21/14). After holding a bench trial, the Court adjudicated the defendant not guilty of the charged offenses solely by reason of insanity. See Findings of Fact and Conclusions of Law (DE# 40, 7/13/16). On September 15, 2016, the Court issued an Order pursuant to 18 U.S.C. § 4243(b) committing the defendant to the custody of the Attorney General for an evaluation pursuant to 18 U.S.C. §§ 4243(b) and (d). See Order (DE# 47, 9/16/16). On January 18, 2017, Warden J.C. Holland of the Federal Medical Center in Butner, North Carolina provided the Court and counsel with a forensic evaluation report of the defendant which "opine[d] that [the defendant]'s release to the community would pose a substantial risk of bodily injury to another person or serious

damage to the property of another." See Report, Government's Exhibit 1.

On February 21, 2017, the Court referred this matter to the undersigned to conduct an evidentiary hearing and submit a Report and Recommendation to determine if the defendant should be committed to a psychiatric hospital pursuant to 18 U.S.C. § 4243(a). See Order of Reference to Magistrate (DE# 52, 2/21/17). After several status conferences and continuances, an evidentiary hearing was scheduled for August 16, 2017.

On August 16, 2017, the defendant presented the Court with a Waiver of Hearing (DE# 67, 8/16/17) executed by both the defendant and his counsel and a Stipulation (DE# 68, 8/16/17) executed by the defendant, the defendant's counsel and the government. The Court held a non-evidentiary hearing. The defendant knowingly and voluntarily waived his right to an evidentiary hearing. A copy of the forensic evaluation report was admitted into evidence as Government's Exhibit 1.

## **ANALYSIS**

The Eleventh Circuit has stated that:

> Section 4243(d) provides that a defendant found not guilty by reason of insanity of an offense involving bodily injury, serious damage to another's property, or substantial risk of such injury or damage has the "burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). Section 4243(d) further provides that with respect to any other offense, the defendant's burden is a preponderance of the evidence. Id. If a defendant fails to meet his burden of proof, the court must commit him to the custody of the Attorney General of the United States, see 18 U.S.C. § 4243(e), who, in turn, arranges for his care and treatment. 18 U.S.C. §§ 4243(e), 4247(i)(A).

United States v. Wattleton, 296 F.3d 1184, 1197-98 (11th Cir. 2002). Because the underlying crime involved the threat of use of a firearm, the defendant must meet his burden by clear and convincing evidence.

2

The Waiver of Hearing (DE# 67, 8/16/17) states that "the Defendant, ALBERTO CRUZ, personally and through his attorney, and hereby knowingly, voluntarily, and intelligently waives his right to a hearing pursuant to the provisions of 18 U.S.C. § 4247(d)." Waiver of Hearing (DE# 67, 8/16/17). The Stipulation states that:

> THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, and the Defendant, ALBERTO CRUZ, personally and through his attorney, and stipulate as set forth below:
>
> > Pursuant to 1 8 U.S.C. § 4246(d), there is clear and convincing evidence that ALBERTO CRUZ is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Stipulation (DE# 68, 8/16/17).

At the August 16, 2017 hearing, the Court inquired of the defendant concerning the Waiver of Hearing (DE# 67, 8/16/17) and the Stipulation (DE# 68, 8/16/17). The Court warned the defendant that he was under oath and that his responses could later be used against him. The defendant advised the Court that he is 36 years old and has a 12-grade education. The defendant acknowledged that he has been treated for mental illness and that he had read the forensic evaluation report. The defendant admitted to past use of cocaine and marijuana and stated he was not presently using those drugs. The defendant told the Court that he was taking Abilify, an antipsychotic prescription medication, but denied that this medication impaired his ability to understand the proceedings. The defendant understood that he had a right to a hearing, a right to call witnesses and a right to testify if he chose to do so. The defendant told the Court that he had spoken to his attorney concerning those rights and that he wished to waive them.

The undersigned had the opportunity to observe the defendant's demeanor

during the August 16, 2017 hearing. Based on the defendant's responses and his demeanor, the undersigned finds that the defendant's waiver of hearing was made knowingly, voluntarily, and intelligently.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Court accept the defendant's Waiver of Hearing (DE# 67, 8/16/17) and find by clear and convincing evidence that the defendant " is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." Stipulation (DE# 68, 8/16/17).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **16th** day of August, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record